JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Nancy Newton, appeals the trial court's order granting the motion to dismiss of defendant-appellee, Travelers Indemnity Company (incorrectly identified in appellant's complaint as Travelers Property Casualty). For the reasons that follow, we dismiss this appeal for lack of a final appealable order.
 {¶ 2} This matter arises from a complaint for declaratory relief filed by appellant in the Cuyahoga County Court of Common Pleas on December 20, 2001. Appellant, a former employee of Travelers, sought a declaration that appellee's internal dispute resolution procedure and binding arbitration policy regarding employment disputes was "void, invalid and unenforceable to the extent that it fail[ed] to provide [appellant] adequate remedies for an employment action against [appellee]." Appellant alleged in her complaint that but for the binding arbitration policy at issue, she would bring discrimination claims against appellee pursuant to R.C. 44112.02 et seq. and Title VII of the Civil Rights Act of 1964.
 {¶ 3} On February 22, 2002, appellee filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(6). Appellee argued that because appellant had not invoked its multi-step internal process for addressing employee disputes before filing suit, she had failed to exhaust her administrative remedies before seeking judicial review and, therefore, her complaint should be dismissed.
 {¶ 4} On April 16, 2002, the trial court entered the following order:
 {¶ 5} "This court grants the motion of defendant Travelers Property Casualty (filed February 22, 2002) to dismiss for failure to state a claim upon which relief can be granted. Dismissed withoutprejudice. Final." (Emphasis added).
 {¶ 6} Appellant timely appealed, raising two assignments of error for our review. We are unable to consider them, however, as the order appealed from is not a final, appealable order.
 {¶ 7} Section 3(B)(2), Article IV of the Ohio Constitution provides that appellate courts have jurisdiction to review and affirm, modify or reverse judgments or final orders of the courts of record inferior to the court of appeals.
 {¶ 8} R.C. 2505.02 defines "final order" in pertinent part as:
 {¶ 9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment; * * *.
 {¶ 11} This court has previously held that a dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a judgment or final order when refiling or amending of the complaint is possible. Sexton v. Kidder, Peabody Co., Inc.
(Aug. 24, 1999), Cuyahoga App. No. 74833, citing Benaco Tooling, Inc. v.Bancorp Holdings, Inc. (Mar. 21, 1996), Cuyahoga App. No. 69015; In reMary Beth v. Howard (Dec. 22, 1994), Cuyahoga App. No. 6674. A dismissal of an action without prejudice leaves the parties in the same position as if the plaintiff had not commenced the action. Sexton, supra, citingWesterhaus v. Weintraut (Aug. 31, 1995), Cuyahoga App. No. 68605. Where an action may be refiled, the litigation has not been brought to an end on the merits. Id.
 {¶ 12} Here, appellant may refile her complaint. Accordingly, no substantial right has been affected and the litigation has not been brought to an end on its merits. Therefore, the order appealed from is not a final order which this court has jurisdiction to review.
Appeal dismissed.
This appeal is dismissed.
It is ordered that the parties share costs herein taxed. It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J. AND COLLEEN CONWAY COONEY, J. CONCUR.